Gerald Russell Schneider, :
                Petitioner :
                 :
          v. :
                 :
Pennsylvania Parole Board, : No. 549 C.D. 2024
                Respondent : Submitted: December 8, 2025

BEFORE:    HONORABLE ANNE E. COVEY, Judge
               HONORABLE CHRISTINE FIZZANO CANNON, Judge
               HONORABLE MATTHEW S. WOLF, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                         FILED: January 22, 2026

      Gerald Russell Schneider (Schneider) petitions this Court for review of the Pennsylvania Parole Board's (Board) April 10, 2024 decision affirming its decision recorded July 28, 2023 (mailed August 3, 2023) that revoked his parole and recommitted him as a convicted parole violator (CPV) to serve a term of 48 months with no credit for his time spent at liberty on parole. Schneider presents two issues for this Court's review: (1) whether the Board abused its discretion by deviating from the presumptive recommitment range based on an aggravating factor that is neither legally nor factually supported by the record; and (2) whether the Board abused its discretion by denying him credit for time he spent at liberty on parole where the reasons therefor were factually inaccurate and unsupported by the record. After review, this Court affirms.

      On January 31, 2012, Schneider was sentenced to an aggregate sentence of 3 to 21 years of incarceration for aggravated indecent assault, complainant less than 13 years of age; statutory sexual assault; corruption of minors (three violations); endangering the welfare of children; and indecent assault (complainant less than 16

years of age) (Original Sentence). *See* Certified Record (C.R.) at 1. His Original Sentence maximum release date was January 29, 2033. *See id*. On March 19, 2018, Schneider was released on parole. *See* C.R. at 15. While on parole, the Board required Schneider to comply with various sex offender conditions, including successfully completing outpatient sex offender treatment and precluding contact with minors. *See* C.R. at 17-18. On March 3, 2022, the Pennsylvania Department of Corrections issued a Warrant to Commit and Detain Schneider for violation of his parole. *See* C.R. at 27. On March 23, 2022, the Board recommitted Schneider for six months as a technical parole violator for being unsuccessfully discharged from sex offender treatment. *See* C.R. at 29. On August 22, 2022, Schneider was reparoled. *See* C.R. at 37.

On August 31, 2022, the Pennsylvania State Police arrested Schneider for indecent assault (F3), unlawful contact (F3), and corruption of a minor (F3) (New Charges). *See* C.R. at 39. On September 19, 2022, the Board detained Schneider pending resolution of the New Charges. *See id*. On June 22, 2023, Schneider pleaded guilty to corruption of a minor (M1) and the Venango County Common Pleas Court sentenced him to 1 to 2 years of confinement therefor. *See* C.R. at 51. The Board conducted a parole revocation hearing on July 19, 2023. *See* C.R. at 60-72. In a decision recorded July 28, 2023 (mailed August 3, 2023), the Board recommitted Schneider as a CPV to serve 48 months for his conviction, established a new Original Sentence maximum release date of October 22, 2037, and scheduled a parole review date of December 12, 2026. *See* C.R. at 89-90.

The Board received Schneider's petition for administrative review on September 7, 2023.[1] *See* C.R. at 94. Therein, Schneider argued: (1) the Board abused its discretion when it imposed twice the legal limit of backtime for the

---

[1] The envelope containing Schneider's petition for administrative review had a United States Postal Service postmark of August 31, 2023. *See* C.R. at 104.

violation; (2) the Board relied on irrelevant and inaccurate portrayals of his conduct; (3) the Board abused its discretion when it deemed his behavior serious/assaultive; and (4) the record did not support the Board's rationale for not awarding Schneider credit for time he spent at liberty on parole. *See* C.R. at 98-100. By decision mailed April 10, 2024, the Board denied Schneider's request for administrative relief. *See* C.R. at 107-109. Schneider appealed to this Court.[2] By May 10, 2024 Order, this Court appointed the Fayette County Public Defender (Public Defender) to represent Schneider. On December 18, 2024, the Public Defender filed an Amended Petition for Review.

Schneider first argues that the Board imposed a recommitment period (48 months) that was double the presumptive range (18 to 24 months) based on the purported aggravating reason that Schneider had been convicted of a repeat sex offense; however, based on the statutory language, his new conviction for corruption of minors was not sexual in nature. Schneider further contends that the record evidence did not substantiate the Board's conclusion that the crime was sexual in nature.

The Board rejoins that the record fully supports its decision to impose a 48-month recommitment period based on its determination that Schneider is a repeat sex offender. The Board asserts that there is no dispute that Schneider is a sexually violent predator who was on parole for crimes committed against minors. The Board further maintains that there is no dispute that Schneider violated his parole conditions when he was unsuccessfully discharged from sex offender treatment and by having contact with a minor. Finally, the Board proclaims that

---

[2] This Court's "review is limited to determining whether constitutional rights were violated, whether the decision was in accordance with [the] law, or whether the necessary findings of fact were supported by substantial evidence." *White v. Pa. Parole Bd.*, 276 A.3d 1247, 1255 n.7 (Pa. Cmwlth. 2022).

there is no dispute that Schneider was convicted of a new crime against a minor victim, where the conduct involved rubbing the feet and legs of a child.

Initially, Section 75.2 of the Board's Regulations provides, in relevant part:

> If the Board orders the recommitment of a parolee as a [CPV], the parolee shall be recommitted to serve an additional part of the term which the parolee would have been compelled to serve had he not been paroled, in accordance with the following presumptive ranges:
>
> . . . .
>
> Corruption of Minors 8 months to 24 months[.]

37 Pa. Code § 75.2. Section 75.1 of the Board's Regulations instructs, in pertinent part:

> (b) The presumptive ranges of parole backtime are intended to structure the discretion of the Board while allowing for individual circumstances in terms of mitigation and aggravation to be considered in the final decision.
>
> (c) **The Board may deviate from the presumptive range** or determine that recommitment should not occur, **provided written justification is given**.

37 Pa. Code § 75.1 (emphasis added).

Here, the Board explained:

> [T]he decision in question recommitted [Schneider] as a [CPV] to serve 48 months for [c]orruption of [m]inors (M1). The presumptive range for that offense is 18 to 24 months, as outlined in [Sections 75.1 and 75.2 of the Board's Regulations]. The Board is authorized to deviate from the guidelines, so long as it provides written justification. [*See*] 37 Pa. Code § 75.l(b). The Board in this case stipulated that [Schneider] serve 48 months because [his] new [convicted parole violation] is a "repeat sex offense[.]"[] By [Schneider's] own admission written in [his] administrative appeal, [Schneider] w[as] rubbing

4

the feet and legs of an underage female in a way that made her feel uncomfortable during commission of the new offense. [*See* C.R. at 97.] The Board finds this, at a minimum, to be grooming behavior of a sexual nature. Therefore, the aggravating factor is supported by the record.

C.R. at 108. This Court discerns no error in the Board's reasoning.

Next, Schneider argues that the Board provided a factually inaccurate and unsupported explanation for denying him credit for time he spent at liberty on parole and, therefore, abused its discretion. Schneider contends that the Board's sole justification in support of credit denial was that Schneider *has been convicted of a new crime that is the same or similar to the original offense*. Schneider asserts that this justification is improperly impacted by the Board's mischaracterization of Schneider's new conviction as a *sex offense*. Schneider further claims that the record fails to establish any facts or circumstances about the new offense as to reasonably permit a conclusion that Schneider's new offense is the same or similar to his original offense.

The Board rejoins that this Court has recognized that committing the same, or a similar offense, is sufficient grounds for the Board to deny a CPV credit for time at liberty on parole. The Board asserts that the record in this case demonstrates that Schneider was on parole for sex offenses against children when he committed his current offense against a child. As such, the Board maintains that it did not abuse its discretion when it determined that Schneider's new offense was similar to his historical sex offenses against children.

Section 6138(a)(2.1) of the Prisons and Parole Code (Parole Code) provides:

> (2.1) The [B]oard may, in its discretion, award credit to an offender recommitted under paragraph (2) for the time spent at liberty on parole, unless any of the following apply:

5

(i) The crime committed during the period of parole or while delinquent on parole is a crime of violence or a crime listed under 42 Pa.C.S. Ch. 97 Subch. H (relating to registration of sexual offenders) or I (relating to continued registration of sexual offenders).

(ii) The offender was recommitted under [S]ection 6143 [of the Parole Code, 61 Pa. C.S. § 6143] (relating to early parole of offenders subject to Federal removal order).

61 Pa.C.S. § 6138(a)(2.1).

This Court has explained:

The [] Board can grant a [CPV] partial or full credit for the time spent at liberty on parole. In *Pittman* [*v. Pennsylvania Board of Probation & Parole*], 159 A.3d [466,] 475 [(Pa. 2017)], the Pennsylvania Supreme Court held that if the [] Board exercises its discretion and denies credit, it "must provide a contemporaneous statement explaining its reason for denying a [CPV] credit for time spent at liberty on parole." The [] Board's statement need not "be extensive and a single sentence explanation is likely sufficient in most instances." *Id*. at 475 n.12.

*Soto v. Pa. Parole Bd.*, 311 A.3d 1260, 1263 (Pa. Cmwlth. 2024) (citation omitted).

Here, the Board explained:

[T]he [Board's] decision on whether to grant or deny a [CPV] credit for time at liberty on parole is purely a matter of discretion. The [Parole Code] authorizes the Board to grant or deny credit for time at liberty on parole for certain criminal offenses. [*See*] 61 Pa.C.S. § 6138(a)(2.1). Pursuant to [our] Supreme Court's ruling in [*Pittman*], the Board must articulate the basis for its decision to grant or deny a CPV credit for time spent at liberty on parole. In this case, the Board articulated that the new crime was the same or similar to the original offense. The record reflects that [Schneider] w[as] on supervision for [a]ggravated [i]ndecent [a]ssault-[j]uvenile, [s]tatutory [s]exual [a]ssault, [e]ndangering the [w]elfare of [c]hildren, and [c]orruption of [m]inors. [Schneider] subsequently incurred a new conviction for [c]orruption of [m]inors; thus, the panel finds the reason to deny credit for the time

6

spent at liberty on parole is substantiated by the record and is sufficient.

C.R. at 108.  This Court discerns no error in the Board's reasoning.

For all of the above reasons, the Board's order is affirmed.

_____
ANNE E. COVEY, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Gerald Russell Schneider,      :
        Petitioner      :
                        :
        v.             :
                        :
Pennsylvania Parole Board,     :   No. 549 C.D. 2024
        Respondent    :

## O R D E R

AND NOW, this 22nd day of January, 2026, the Pennsylvania Parole Board's April 10, 2024 decision is affirmed.

_____
ANNE E. COVEY, Judge